UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
ROMEL E. CASAB,
Debtor.

_____/

ROMEL E. CASAB,

Appellant,

v.

GRAND SKY ENTERPRISE CO., LTD.,

Appellee.

_____/

Case No. 14-12270

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEVEN
WHALEN

**ORDER AFFIRMING BANKRUPTCY COURT ORDERS**

Appellee Grand Sky Enterprise Co., Ltd. (Grand Sky) won a judgment against Appellant Romel E. Casab in Michigan state court. When Appellant subsequently filed for Chapter 7 bankruptcy, Grand Sky filed an adversary complaint alleging that its judgment against Appellant constitutes non-dischargeable debt under 11 U.S.C. § 523(a)(2)(A). The Bankruptcy Court entered several orders denying Appellant's motions to dismiss Grand Sky's complaint, as

1

well as a final order granting summary judgment to Grand Sky. The Court received Appellant's Notice of Appeal [1] of these orders on June 9, 2014. Appellant filed a Brief on Appeal [6] on July 31, 2014. Grand Sky filed its Brief on Appeal [7] on August 14, 2014.

For the reasons stated below, the Bankruptcy Court's orders are **AFFIRMED**.

### FACTUAL BACKGROUND

On July 26, 2010, Grand Sky filed a lawsuit against Appellant in Oakland County Circuit Court. On June 2, 2011, the Circuit Court issued an order granting Grand Sky summary disposition and scheduling an evidentiary hearing on damages. The hearing took place on August 10, 2011. Following the hearing, the Circuit Court directed the parties to file proposed findings of fact and conclusions of law. Grand Sky filed its proposed findings and conclusions on August 24, 2011. On November 21, 2011, the Circuit Court issued a final opinion and order adopting Grand Sky's proposed findings of fact and conclusions of law. The final order found Grand Sky entitled to $3,464,676.91 in damages, plus interest. The Circuit Court entered a judgment against Appellant in this amount.

Appellant appealed a portion of the judgment.  On March 19, 2013, the Michigan Court of Appeals affirmed the Circuit Court's decision.  Appellant did not appeal the decision of the Michigan Court of Appeals.

On March 21, 2013, Appellant filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Michigan.  On June 12, 2013, Grand Sky filed an Amended Adversary Complaint, alleging that its judgment against Appellant is nondischargeable debt.  On June 13, 2013, the Bankruptcy Court issued a Notice of Deficient Pleading concerning the Amended Adversary Complaint.  The Notice specified the following defect: "Electronic Signature Missing or Incorrect Format ECF Procedure 11(d)(1)."  The Notice also stated that if the Amended Advisory Complaint was not corrected, "an order striking the document may be entered by the Court."  On June 13, 2013, Grand Sky filed a second Amended Advisory Complaint.  This complaint included counsel's signature but omitted counsel's phone number.  The Bankruptcy Court did not issue a Notice of Deficient Pleading concerning the second Amended Advisory Complaint.

On July 11, 2013, Appellant filed a Motion to Dismiss.  The Bankruptcy Court held a hearing on the motion on August 30, 2013.  At the hearing, the Bankruptcy Court denied Appellant's Motion to Dismiss, but directed Grand Sky

to serve Appellant with a re-issued summons and the second Amended Advisory Complaint on or before September 13, 2013. The Bankruptcy Court issued an order memorializing this ruling on September 27, 2013.

On October 3, 2013, Appellant filed a second Motion to Dismiss, arguing that Grand Sky had failed to properly serve the re-issued summons and complaint as ordered. On October 17, 2013, the Bankrupty Court issued an order denying the motion. Appellant filed a Motion for Reconsideration on October 24, 2013. The Bankruptcy Court held a hearing on the Motion for Reconsideration on November 25, 2013. The same day, the Bankruptcy Court issued an order granting the Motion for Reconsideration in part, denying Appellant's second Motion to Dismiss, and extending the time for Grand Sky to properly serve the Amended Advisory Complaint. Grand Sky served Appellant with the complaint.

On February 12, 2014, Grand Sky filed a Motion for Summary Judgment. The Bankruptcy Court held a hearing on the motion on April 7, 2014. The same day, the Bankruptcy Court issued an order granting summary judgment to Grand Sky and ruling that Grand Sky's judgment against Appellant is nondischargeable debt. Appellant subsequently filed a Notice of Appeal of the Bankruptcy Court's order granting Grand Sky summary judgment and "all other prior interlocutory orders," including the three orders denying Appellant's motions to dismiss.

4

## STANDARD OF REVIEW

This Court reviews a bankruptcy court's conclusions of law *de novo*. *In re Batie*, 995 F.2d 85, 88 (6th Cir. 1993). *De novo* review means that this Court reviews the law independently of the bankruptcy court and no deference is given to the conclusions of the bankruptcy court. *Myers v. IRS (In re Meyers)*, 216 B.R. 402, 403 (B.A.P. 6th Cir. 1998). On appeal to a district court, a bankruptcy court's findings of fact are reversible only if they are clearly erroneous. FED. R. BANKR. P. 8013; *In re Batie*, 995 F.2d at 88. A factual finding is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been made. *In re AmTrust Financial Corp.*, 694 F.3d 741, 749 (6th Cir. 2012). "[I]f a question is a mixed question of law and fact, then [the district court] must break it down into its constituent parts and apply the appropriate standard of review for each part." *In re Batie*, 995 F.2d at 88.

## ANALYSIS

### I.    Bankruptcy Court ECF Procedure 11(d)(1)

Appellant argues that the Bankruptcy Court should have dismissed Grand Sky's complaint because the complaint did not comply with the Bankruptcy Court's local Electronic Case Filing (ECF) Procedure 11(d)(1). That local rule provides as follows:

A Paper filed by ECF shall be signed in the following form and shall include the following information:

> /s/ Name of Filer or User
> Address
> City, State, Zip Code
> Phone: (xxx) xxx-xxxx
> Email: xxx@xxx.xxx
> [attorney bar number, if applicable]

BANKR. E.D. MICH. ECF PROCEDURE 11(d)(1), *available at* http://www.mieb.uscourts.gov/sites/default/files/courtinfo/ECFAdminProc.pdf.

The Bankruptcy Court recognized that Grand Sky's counsel failed to strictly comply with ECF Procedure 11(d)(1) by failing to include his phone number in the signature block of the complaint. However, the Bankruptcy Court held that this failure did not warrant dismissal. Appellant cites no contrary authority. Appellant merely argues that because bankruptcy judges have previously struck documents filed by Appellant's counsel for failing to comply with technical requirements, "consistency" required the Bankruptcy Court to strike Grand Sky's complaint for failing to comply with the phone number requirement. Since Appellant provides no contrary authority, the Court finds that it was within the Bankruptcy Court's discretion to decline to dismiss Grand Sky's complaint despite the omission of counsel's phone number.

## II.    Service of Process

Appellant argues that the Bankruptcy Court should have dismissed Grand Sky's complaint because Grand Sky never properly served it on Appellant. Appellant asserts that Grand Sky never properly served Appellant even after the Bankruptcy Court extended the time for service. However, Appellant states that the alleged deficiency in Grand Sky's post-extension service is not properly before the Court. Thus, for purposes of this appeal, the Court assumes that Grand Sky properly served Appellant after the Bankruptcy Court extended the time for service. Appellant's arguments concerning the manner of service are therefore moot unless it was improper for the Bankruptcy Court to grant the extension.

Federal Rule of Civil Procedure 4(m) applies to service of process in bankruptcy proceedings. FED. R. BANKR. P. 7.004(a)(1). In relevant part, Rule 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). At the hearing on Appellant's motion for reconsideration, the Bankruptcy Court correctly stated that under Rule 4(m), a court *must* extend the time for service if a plaintiff shows good cause for failure to effectuate timely service. The Bankruptcy Court neglected to note that a court has discretion to

extend the time for service under Rule 4(m) even without a finding of good cause. *See, e.g.*, *Elec. Workers Local 58 Pension Trust Fund v. Rite Elec. Co.*, No. 10-CV-11815, 2010 WL 4683883, at *2 (E.D. Mich. Nov. 10, 2010) (Murphy, J.) (holding that courts have such discretion because, though the Sixth Circuit has not squarely addressed the issue, such discretion is supported by Supreme Court dicta, other persuasive authority, and the plain language of the Rule).

Appellant argues that the Bankruptcy Court abused its discretion by extending the time for service. Appellant faults the Bankruptcy Court for granting the extension *sua sponte* and for granting it after the 120-day deadline had expired. However, Rule 4(m) expressly permits a court to order service "on motion or on its own" after a defendant has not been served within the 120-day deadline. FED. R. CIV. P. 4(m). Appellant also asserts that the Bankruptcy Court should not have granted the extension without a finding that the timeliness of service was beyond Grand Sky's control. This is essentially an argument that there was no good cause for Grand Sky's failure to accomplish timely service. As stated above, however, Rule 4(m) grants courts discretion to extend the time for service even in the absence of a good cause finding. *See, e.g.*, *Elec. Workers Local 58 Pension Trust Fund*, 2010 WL 4683883, at *2. Finally, Appellant argues that the extension was an abuse of discretion because the delay in proper service prejudiced Appellant's

consideration of his option to attempt to convert to Chapter 11 bankruptcy or seek dismissal. The Court finds this argument meritless and even disingenuous in light of the Bankruptcy Court's reasonable conclusion that Appellant had actual notice of Grand Sky's complaint long before the court granted the extension.[1]

In sum, the Bankruptcy Court acted within its discretion when it extended the time for Grand Sky to serve Appellant. Grand Sky's service on Appellant was timely in light of the extension, and Appellant has stated that any deficiencies in the manner of service post-extension are not properly before the Court. Therefore, the Court concludes that the Bankruptcy Court did not err when it declined to dismiss Grand Sky's complaint on the grounds of insufficient service of process.

## III.   Nondischargeability

11 U.S.C. § 523(a)(2)(A) makes nondischargeable "any debt … for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by … false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."   The

---

[1] In fact, the Bankruptcy Court's exercise of discretion was even more reasonable in light of its conclusion that Appellant knew or should have known of the typographical error in Grand Sky's attempts at service when he previously argued that service was insufficient. Appellant's failure to bring the typographical mistake to the attention of Grand Sky and the Court suggests that Appellant may have been less interested in receiving proper service than in exploiting the possible consequences of improper service.

9

provision "encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor." *Cohen v. de la Cruz*, 523 U.S. 213, 223 (1998). A creditor must show four things to establish nondischargeability under § 523(a)(2)(A):

> (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

*In re Grenier*, 458 Fed. App'x 436, 438 (6th Cir. Jan. 31, 2012) (unpublished) (quoting *In re Rembert*, 141 F.3d 277, 280–81 (6th Cir.1998)).

"Principles of collateral estoppel apply in non-dischargeability actions." *In re Livingston*, 372 Fed. App'x 613, 617 (6th Cir. April 9, 2010) (unpublished) (citing *In re Calvert*, 105 F.3d 315, 318–19 (6th Cir. 1997); *Spilman v. Harley,* 656 F.2d 224, 227 (6th Cir.1981)). When a party argues that a state court judgment should be given preclusive effect in a non-dischargeability action, the court must look to the law of collateral estoppel in that state. *See id.* Under Michigan law, "[c]ollateral estoppel precludes relitigation of an issue in a

10

subsequent, different cause of action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was (1) actually litigated, and (2) necessarily determined." *Id.* (quoting *People v. Gates,* 452 N.W.2d 627, 630 (Mich. 1990)).

Grand Sky's adversary complaint alleged that its state court judgment against Appellant constitutes nondischargeable debt under § 523(a)(2)(A). The Bankruptcy Court granted Grand Sky summary judgment, holding that the state courts' resolution of Grand Sky's fraud claim under Michigan law precluded litigation of the § 523(a)(2)(A) elements in the Bankruptcy Court. The Bankruptcy Court summarized the equivalence of the issues as follows:

> The Michigan Court of Appeals concluded its opinion by making findings that relate to the elements of actionable fraud in Michigan which, when compared to the elements under *Rembert* for a 523(a)(2)(A) action, line up identical to it. The Michigan Court of Appeals found after conducting its de novo review that Mr. Casab . . . made statements that were false, number one.   Number two, the Michigan Court of Appeals stated that Mr. Casab knew his statements were false.   Number three, it found that there is no doubt that Mr. Casab intended for Grand Sky to rely upon his misrepresentations of fact and that Grand Sky did rely upon it.   Number [four], the Court of Appeals found that the record does not reveal any reason to doubt that Mr. Casab made his misrepresentation in order to induce plaintiff to give up its money or that plaintiff relied on defendant's assertions in signing the Hamburg contract and Livernois agreement.
>       . . . If I were to just look at the final opinion and order of [Circuit Court] Judge Bowman on November 21, 2011, I would come to the same conclusion.   Each and every element necessary to make a debt nondischargeable under 523(a)(2)(A) was found by Judge

11

Bowman in his final opinion and order in which he specifically adopted the findings of fact and conclusions of law submitted to him by Grand Sky.

The Bankruptcy Court's conclusion was consistent with the decisions of other bankruptcy courts in Michigan, which "have held uniformly that the elements of a fraud claim under Michigan law are identical to those necessary to determine non-dischargeability under 11 U.S.C. § 523(a)(2)(A)."   *In re Livingston*, 372 Fed. App'x at 618.

Appellant, citing non-binding authority several decades old, asserts that "determination of nondischargeability is an exclusive function of the bankruptcy court, unimpeded by claims of collateral estoppel or res judicata." *In re Chessen*, 71 B.R. 169, 171 (Bankr. D. Haw. 1987) (citing *In re Daley*, 776 F.2d 834, 839 (9th Cir. 1985)).  However, more recent, binding precedent holds that principles of collateral estoppel apply. *In re Calvert*, 105 F.3d at 318–19.

Appellant also argues that even if collateral estoppel principles apply, the Bankruptcy Court erred by giving preclusive effect to the state court judgment because the § 523(a)(2)(A) elements "are not the same elements that are needed to prove a claim for fraud in the inducement, which is the claim that [Grand Sky] prevailed on in the state court action."  Appellant does not identify the elements for a fraud in the inducement claim or articulate how they differ from the §

12

523(a)(2)(A) elements.   Nor does Appellant explain how the Bankruptcy Court mischaracterized Grand Sky's state-court claim or the state courts' findings.   The Court will therefore treat this argument as waived.   The Court assumes, without deciding, that the argument is meritless.   *See In re Jamil*, 409 B.R. 866, 872 (Bankr. E.D. Mich. 2009) (giving collateral estoppel effect, in § 523(a)(2)(A) action, to state court judgment on claims under Michigan law for fraud in the inducement and breach of contract).

Finally,   Appellant indirectly suggests that the Bankruptcy Court erred in finding the *entire* state court judgment to be based in findings equivalent to the elements of § 523(a)(2)(A).   However, the Bankruptcy Court reasonably read the Circuit Court's opinion, affirmed by the Michigan Court of Appeals, to find that *all* of Grand Sky's damages "flow from, or, to state it another way, were obtained by fraud."   Because the entirety of Appellant's liability arose from his fraud, the Bankruptcy Court correctly held that the entire judgment is nondischargeable.   *See Cohen*, 523 U.S. at 222 ("§ 523(a)(2)(A) bars the discharge of all liability arising from fraud.").

In sum, Appellant has identified no error in the Bankruptcy Court's order granting summary judgment to Grand Sky on its nondischargeability claim.

## III.   Grand Sky's Informal Request for Sanctions

In its Brief on Appeal [7], Grand Sky requests an award of sanctions against Appellant on the grounds that this appeal is vexatious. Describing alleged misconduct by Appellant and his counsel in the bankruptcy proceedings, Grand Sky suggests that this appeal is merely the latest step in Appellant's "litigation delay tactics." Sadly, these allegations do not surprise the Court. The Court has chastised Appellant's counsel for his delaying tactics in another matter, which extended to filing meritless post-judgment motions. *Love v. Select Portfolio Servicing, Inc.*, No. 13-11647, 2014 WL 7011971, at *4 (E.D. Mich. Dec. 11, 2014) (unpublished).[2] However, Grand Sky has not filed a formal motion for sanctions or identified any authority supporting its request. To the extent the Court has inherent authority to impose sanctions even without a formal motion, it declines to do so.

## CONCLUSION

For the reasons stated above,

---

[2] At least one other judge in this district has also chastised Appellant's counsel for misconduct. *Love v. Lew*, No. 13-14946, 2014 WL 4926260, at *2 (E.D. Mich. Oct. 1, 2014) (unpublished) (noting that Appellant's counsel "has a pattern of not complying with deadlines for filing responses to dispositive motions," and warning that the court would impose monetary sanctions against counsel personally if this pattern continued).

14

**IT IS ORDERED** that the Bankruptcy Court's orders granting summary judgment to Grand Sky and denying Appellant's motions to dismiss are **AFFIRMED**.

**SO ORDERED**.

<u>s/Arthur J. Tarnow</u>
Arthur J. Tarnow
Dated: February 23, 2015                Senior United States District Judge

15